**DISTRICT 65, UAW, et al., Plaintiffs,**

v.

**HARPER & ROW, PUBLISHERS, INC., et al., Defendants.**

**Raymond C. HARWOOD, et al., Plaintiffs,**

v.

**HARPER & ROW, PUBLISHERS, INC., et al., Defendants.**

Nos. 82 Civ. 3657 (KTD), 82 Civ. 4042 (KTD).

United States District Court, S.D. New York.

June 13, 1984.

Mittelman & Gordon, Washington, D.C., Eisner & Levy, P.C., New York City, for plaintiffs; Eugene Mittelman, Michael S. Gordon, Washington, D.C., Eugene E. Eisner, Richard Levy, New York City, of counsel.

Shea & Gould, New York City, for plaintiff Harwood; Jeffrey D. Mamorsky, Martha Cohen Kurshan, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendant Harper & Row; Dennis J. Block, Nancy E. Barton, Bonnie K. Wachtel, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

In my Opinion and Order dated December 30, 1983, I dismissed plaintiffs' claims asserted under the Employee Retirement Income Security Act ("ERISA") for breach of fiduciary duty based on the termination of Harper & Row's Retirement Plan and the concomitant reversion of the excess assets to Harper & Row. 576 F.Supp. 1468. Furthermore, I dismissed plaintiffs' claims that related to the amendment of the Profit-Sharing Plan and the District 65 plaintiffs' claims for violation of the federal securities laws, state common law, ERISA's retaliation provision, and the collective bargaining agreement. The claims remaining include causes of action based on the purchase of the Prudential Annuity contract and the adoption by Harper & Row of an Employee Stock Bonus Plan.

On defendants' prior motion, an issue of fact—whether Harper & Row's plan is an Employee Stock Ownership Plan ("ESOP")—precluded an award of summary judgment. Defendants renew their summary judgment motion as it pertains to the Employee Stock Plan. Plaintiffs allege that the defendants breached their fiduciary duties under ERISA by establishing an ESOP, the assets of which being exclusively Harper & Row stock, that failed to con-

form to the Internal Revenue Code ("IRC") requirements for tax qualification.

As I noted in my December 30, 1983 Opinion and Order, an ESOP may "not acquire any qualifying employer security ... if immediately after such acquisition the aggregate fair market value of the employer securities ... held by the plan exceeds 10 percent of the fair market value of the assets of the plan." ERISA § 407(a), 29 U.S.C. § 1107(a). This limitation, however, does not apply to "eligible individual account plans." ERISA § 407(b)(1), 29 U.S.C. § 1107(b)(1). Defendants argue that although the employee stock plan is an "eligible individual account plan," ERISA § 407(d)(3), 29 U.S.C. § 1107(d)(3), it is not an ESOP which is a type of eligible individual account plan, *see* ERISA § 407(d)(3)(A)(ii), 29 U.S.C. § 1107(d)(3)(A)(ii). Instead, defendants argue, it is merely a stock bonus plan. *See id.* § 407(d)(3)(A)(i), 29 U.S.C. § 407(d)(3)(A)(i). There is no requirement that a stock bonus plan which is not an ESOP be tax qualified. ERISA defines an ESOP however as:

a stock bonus plan which is qualified, or a stock bonus plan and money purchase both of which are qualified, under section 401 of Title 26, and which is designed to invest primarily in qualifying employee securities, and

(B) which meets such other requirements as the Secretary of the Treasury may prescribe by regulation.

ERISA § 407(d)(6), 29 U.S.C. § 1107(d)(6).

The Harper & Row defendants argue that the Harper & Row Employee Stock Plan is not an ESOP because it was not intended to be an ESOP and because ESOPs are different from other stock bonus plans because they are leveraged. An ESOP is a subcategory of a stock bonus plan and leveraging is not an essential characteristic of an ESOP. *See* Parrs, "Unscrambling the ESOP," 58 *Taxes* 171 (1980) (listing three types of ESOPs, only one of which is a "leveraged" ESOP).[1]

---

1. The author divides the ESOPs into Type I

(stock bonus plans), Type II (Tax Reduction Act

There can be leveraged ESOPs and nonleveraged ESOPs. Thus, I find defendants' argument that because the Harper & Row Plan did not involve leveraging it cannot be an ESOP unpersuasive.

Defendants argue further that even if the Harper & Row Plan is an ESOP, plaintiffs have no claim because on September 8, 1982, the Internal Revenue Service released a determination letter finding that the Plan was fully qualified under section 401 of the IRC. Although it is true that the IRS determination letter is entitled to some deference, *see Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), and should not be overturned unless arbitrary and capricious, *see Pittman Construction Company v. United States*, 436 F.Supp. 1215 (D.La.1977), plaintiffs' cause of action is not barred merely because such a determination was made. The exclusive benefit test, *see* 26 C.F.R. § 1.401–1(b)(4), and the permanency and regularity test, *see id.* 1.401–1(b)(2), must still be met by the Plan and the Commissioner's decision is subject to review. Accordingly, I find that issues of fact remain unresolved; summary judgment is therefore inappropriate. *See Adickes v. S.H. Kress & Company*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Defendants' motion is denied. The parties in this consolidated action are directed to appear for a pretrial conference on June 27, 1984 at 9:30 a.m. in courtroom 443.

SO ORDERED.

Stock Ownership Plans ("TRASOP"), and extra investment tax credit ESOPs), and Type III (leveraged Employee Stock Ownership Plans ("LESOP")). Only the TRASOP does not have to meet the requirements of section 401(a) of the Code. 58 *Taxes* at 173. Further support for the proposition that ESOPs as defined by ERISA do not have to be of the leveraging variety comes from the legislative history:

The conferees understand that the basic element common to all [ESOPs] is that they are qualified stock ownership plans designed to invest primarily in qualifying securities of the employer whose employees are covered by the plan .... Furthermore, it is understood that a *frequent* characteristic of *some* [ESOPs] is that they leverage their purchase of ... securities as a way to achieve transfers in the ownership of corporate stock.

H. Conference Report 93–1280, 93rd Cong., 2d Sess. 313, *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 5093 (emphasis supplied).